NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| NED FLORES, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>ADIR INTERNATIONAL, LLC,<br><br>　　　　　Defendant-Appellee. | No.　15-56260<br><br>D.C. No.<br>2:15-cv-00076-AB-PLA<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted February 16, 2017
Pasadena, California

Before:　M. SMITH and OWENS, Circuit Judges, and HELLERSTEIN,** District Judge.

Plaintiff-Appellant Ned Flores (Flores) appeals from the district court's

---

\*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*　The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

order dismissing his action against Defendant-Appellee Adir International, LLC (Adir) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to sufficiently allege that Adir used an automatic telephone dialing system (ATDS), an element of Flores' claim brought under the Telephone Consumer Protection Act (TCPA). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

Flores alleged facts sufficient to permit the district court to reasonably infer that Adir used an ATDS, as the TCPA defines that term, to send text messages to Flores. In particular, Flores alleged that (1) Adir sent Flores an identical text message on four separate occasions; (2) every time Flores received this text message, he sent a text message back to Adir saying "Stop," and after sending that message, he "almost immediately" received another text message from Adir stating that he would no longer receive text messages from Adir; (3) notwithstanding Adir's representation that Flores would not receive further text messages, Flores continued to receive the same text message on at least three additional occasions; (4) both categories of text messages – the initial texts and the removal confirmation texts – were generically formatted and appeared to be scripted; (4) although the initial texts included a reference number, none of the texts referenced plaintiff

2

directly; and (5) the texts came from an SMS shortcode, which are typically associated with automated services.

The district court held that Flores did not sufficiently allege the use of an ATDS because his allegations "suggest direct targeting that is inconsistent with the sort of random or sequential number generations required for an ATDS" and because they suggest that "Defendants attempts to contact him were anything but 'random.'" However, dialing equipment does not need to dial numbers or send text messages "randomly" in order to qualify as an ATDS under the TCPA. Rather, "the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.'" *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) (quoting 47 U.S.C. § 227(a)(1)).

When ruling on a motion to dismiss, a district court must "construe the pleadings in the light most favorable to the nonmoving party" and must "draw[] all reasonable inferences in favor of the plaintiff." *Ass'n for Los Angeles Deputy Sheriffs v. City of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011). By properly applying the statutory definition, and by drawing on the court's "judicial experience and common sense," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), it is

reasonable to infer that the "the equipment [Adir used] has the *capacity* to 'store or produce telephone numbers to be called, using a random or sequential number generator,'" even if it was not presently being used for that purpose. *Satterfield*, 569 F.3d at 951.

**REVERSED AND REMANDED.**